IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOE FULFORD and SHANNON FULFORD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:05CV336-W (WO) |
| MARKET STREET MORTGAGE CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER ON MOTION**

Plaintiffs, Alabama citizens, commenced this action in the Circuit Court of Macon County, Alabama on November 10, 2004 against a foreign corporation, Market Street Mortgage Corporation, Inc. ("Market Street"), and an individual defendant, Charles D. May, claimed to be "an adult resident of Bullock County, Alabama." (Complaint, ¶¶ 1-3).[1] In their complaint, plaintiffs allege:

> In or around 1997, Plaintiffs purchased a home [at] 5133 Tallapoosa Street, Notasulga, Alabama. As part of that agreement, Market Street Mortgage, to whom the Plaintiffs gave a mortgage on the property, agreed to escrow the tax monies owed on the property and to timely remit the monies to the taxing authority. Market Street undertook a duty to remit the monies and represented that the monies would be remitted. Market Street failed to pay the monies to the Macon County taxing authority and as such, the Plaintiff's home was sold, without their knowledge, at a tax sale in 1999. Charles May bought the property and purports to own it at present.

(Complaint, ¶ 7). Plaintiffs bring claims of: (1) breach of contract, (2) fraudulent

---

[1] Plaintiffs also sue fictitious defendants. The citizenship of fictitious defendants is not considered for purposes of removal on the basis of diversity. 28 U.S.C. § 1441(a).

suppression, (3) fraudulent misrepresentation, and (4) negligence, wantonness or willful conduct against defendant Market Street. The sole claim against defendant May is for declaratory judgment, which alleges that "a dispute has arisen between Plaintiffs and Defendant May with regard to Plaintiffs['] rights with regard to the property" and seeks a judgment declaring that plaintiffs own the property or may exercise their right to redeem it. (Complaint, Count Five).

In a suggestion of death filed in the state court on April 7, 2005, counsel for defendant Market Street represents that: (1) at a March 15, 2005 motion hearing, plaintiffs' counsel stated that he had been informed that defendant May was deceased and that he was in the process of attempting to verify the information; and (2) on March 31, 2005, counsel for Market Street obtained estate records from the Bullock County Probate which appeared to show that defendant May is, in fact, deceased. (See Exhibit A to Notice of Removal). The probate records reflect that Charles D. May died on January 28, 2004, over nine months before the complaint was filed in the circuit court. (Id.). On April 11, 2005, defendant Market Street removed the action to this court on the basis of diversity of citizenship, asserting that May is fraudulently joined in this action.

This action is now before the court on plaintiffs' motion to remand. Plaintiffs argue that this action was improperly removed because: (1) defendant May was not fraudulently joined; (2) defendant has not established by a preponderance of the evidence that the amount in controversy is met in this case; and (3) the notice of removal was untimely because it was filed more than thirty days after service of the summons and complaint. Upon consideration

of the motion, the court concludes that it is due to be granted.

## DISCUSSION

### Timeliness

Plaintiffs' timeliness argument is without merit. The complaint was not removable when it was initially filed in the circuit court because it included only state law claims and named a non-diverse defendant. "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446. As defendant argues, less than thirty days elapsed between its receipt of the probate court papers reflecting that May was deceased and the removal of this action. Therefore, the removal was timely and plaintiffs are not entitled to remand on this basis.

### Subject Matter Jurisdiction

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. Thus, with respect to motions to remand cases removed to this court pursuant to 28 U.S.C. § 1441, the law of this circuit favors remand where federal jurisdiction is not absolutely clear. In "deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court." Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (1994).

Fraudulent Joinder

In cases removed on the basis of diversity of citizenship, the court does not consider the citizenship of fraudulently joined defendants in determining the existence of jurisdiction. Defendants may demonstrate fraudulent joinder by showing that (1) there is no possibility that the plaintiff can prove a cause of action against the resident defendant; (2) there has been outright fraud in the pleading of jurisdictional facts; or (3) the claim against the nondiverse defendant has no real connection to the claims against the diverse defendants. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)(citations omitted). In the present case, defendant does not allege that the declaratory judgment claim against May has no connection with the claims against Market Street. Rather, defendant argues that there is no possibility that plaintiffs can prove their claims against May because he is deceased, and that the claim against him "was raised as a subterfuge to destroy diversity." (Opposition to Motion to Remand, pp. 7-8).

The burden of the removing party is a "heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, *supra*, 154 F.3d at 1287. The Eleventh Circuit has endorsed a "summary judgment-like procedure for disposing of fraudulent joinder claims." Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir.1989). However, "[t]he jurisdictional inquiry 'must not subsume substantive determination.' . . . When considering a motion for remand, federal courts are not to weigh

the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

Plaintiffs do not contend that May was alive at any time during the pendency of this action. Instead, they argue that their claims against him are cognizable because he bought the property at issue at a tax sale, that "[t]he fact that [May] is dead does not change the Court's analysis," and that "[t]he Plaintiff[s] can, and will, substitute his estate as a party defendant." (Motion to Remand, p. 2).

The court concludes that May was fraudulently joined. Cf. State of Missouri v. A.B. Collins & Co., 34 F. Supp. 550 (W.D. Mo. 1940)("If a plaintiff joins with a nonresident defendant a dead man, who was a resident of the same state with the plaintiff in his lifetime, there is still complete diversity of citizenship, no matter how sincerely the plaintiff believed that the dead man was a living man."); Thompson v. Radosta, 906 F. Supp. 367 (E.D. La. 1995)(citing earlier order for the proposition that "[b]ecause [defendant] was deceased at the time of the filing of the state-court petition, plaintiff would not have been able to maintain a cause of action against him."). A lawsuit may not be maintained against a deceased party under Alabama law, even if the party died after the action was commenced. See Wells v. Wells, 376 So.2d 750 (Ala. Civ. App. 1979); A.R.C.P. 25. If the claim at issue survives the decedent's death, the proper legal entity to defend the claim is the decedent's estate. Id. Further, plaintiffs' expressed intention to move to substitute May's estate in this action is irrelevant to the fraudulent joinder issue in this case, as the estate had not been substituted at the time of removal. See Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1306 n. 1

(11th Cir. 2001)("For purposes of considering the specific jurisdictional question before us, we consider only the original complaint, however, because the question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings at the time of removal.")(citations omitted).  Therefore, the court concludes that complete diversity of citizenship exists between the properly joined parties to this action.

## Amount in Controversy

Plaintiffs allege that their home was sold at a tax sale without their knowledge due to fraudulent suppression and misrepresentation on the part of Market Street.  They allege that, as a result, they "have suffered mental anguish and emotional distress and will continue to do so," and that they were "otherwise injured and damaged."  (Complaint, ¶ 14, 18, 26). Plaintiffs seek an award of unspecified compensatory and punitive damages.

"Where a plaintiff makes an unspecified claim for damages, the defendant must prove the amount in controversy by a preponderance of the evidence."  Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1355 (11th Cir. 1996).  Defendant did not introduce evidence with its opposition to the motion to remand and has not sought leave to do so, choosing instead to rely on the allegations of the complaint and citations to emotional distress and punitive damage awards in other cases in Alabama courts.

Defendant cites Jackson v. American Bankers Insurance Co., 976 F. Supp. 1450 (S.D. Ala. 1997), arguing that the court "relied, *inter alia*, upon Professor George Priests's research on damage verdicts at the trial and appellate levels in Alabama from 1989 through 1996." (Doc. # 13, p. 4).  However, the Jackson court's determination that the defendant had carried

6

its burden of proof was also based on testimony by Priest and another expert on Alabama punitive damage awards that the amount in controversy in the particular case before the court, based on their review of the court record, exceeded the jurisdictional minimum. 976 F. Supp. at 1452-53.

Defendant notes that the "[Alabama Supreme] Court has upheld emotional distress verdicts ranging from $450,000 to $2,000,000," and cites First Commercial Bank v. Spivey, 694 So.2d 1316 (Ala. 1997) and Duck Head Apparel Co. v. Hoots, 659 So.2d 897 (Ala. 1995). (See Doc. # 13, p. 5). However, Spivey and Hoots bear no factual resemblance to the present case, as far as the court is able to determine from the limited allegations and record, and these cases do not persuade the court that the compensatory damages in *this* case are substantial.[2] Defendant also relies on a list of citations to sixteen cases in which the Alabama Supreme Court affirmed large punitive damages awards. The most recent of these cases was decided in 1992, four years before the decision in BMW of North America v. Gore, 517 U.S. 559 (1996). (See id. at pp. 5-6).

---

[2] The court is skeptical of defendant's implication that the low end of the range of affirmed awards for emotional distress damages begins at $450,000. See Moton v. Bayer Corporation, 2005 WL 1653731 (S.D. Ala. Jul 8, 2005):

> [M]any factors influence the award of damages, and these factors are ordinarily heavily fact-intensive. . . . [R]eliance on published appellate opinions predictably skews the results because appeals are more likely after a large award than a smaller one. This slant becomes more pronounced when the defendant selectively reports only those published awards favoring its position.

Id. at * 3 n. 8.

7

Although defendant filed no evidence in this case, defendant represents in its brief that:

> The property in question straddled Lee and Macon Counties, with a portion in each county. Market Street held the mortgage on the property and its agent paid the taxes for one county but not the other. A small portion of Plaintiffs' property was sold at a tax sale and purchased by Charles May as a result of the taxes not being paid. Market Street subsequently redeemed the property as permitted by Alabama law, and Plaintiffs hold clear title to the entire property today.

(Doc. # 13, p. 2).

There is nothing in the record from which the court can determine whether plaintiffs were ever actually dispossessed of their home, when they learned of the problem with their title, and how much time passed before the problem was rectified. Based on the allegations set forth in the limited record in this matter, the court concludes that defendant has not carried its burden of establishing, by a preponderance of the evidence, that the requisite amount is in controversy. Defendant has not demonstrated that the cases it cites are of any value in determining the amount in controversy in the present case. See Federated Mutual Insurance Company v. McKinnon Motors, LLC, 329 F.3d 805 (11th Cir. 2003)(stating in an analogous context, with regard to a party's reliance on "a number of Alabama cases where courts have awarded punitive damages well in excess of $75,000 for bad faith failure to pay," that "mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of Federated's assertion in this case [that a bad faith claim would satisfy the amount in controversy]."); Nimrod v. America Merchants Life Insurance, 190 F.Supp.2d 1282, 1283 (M.D. Ala. 2002)("Some general assertion that fraud

8

and bad-faith claims in other cases have resulted in awards greater than $75,000 does not help the court in determining whether or not the specific facts in the instant case would result in such an award.").

## CONCLUSION

For the foregoing reasons, it is

ORDERED that plaintiffs' motion to remand (Doc. # 6) is GRANTED, and this action is hereby REMANDED to the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.

DONE, this 1st day of December, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE
